UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No. 1:21-880

| | |
|---|---|
| LILLITH CAMPOS; C.B., by his parent and next friend, SHELLEY K. BUNTING; and M.D., by her parent and next friend, KATHERYN JENIFER,<br><br>*Plaintiffs,*<br><br>v.<br><br>KODY KINSLEY, in his official capacity as Secretary of the North Carolina Department of Health and Human Services; MARK BENTON, in his official capacity as Assistant Secretary of Public Health; and CLARLYNDA WILLIAMS-DEVANE, in her official capacity as State Registrar and Director of the North Carolina State Center for Health Statistics,<br><br>*Defendants.* | **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT** |

Plaintiffs Lillith Campos, C.B. (by and through his parent Shelley K. Bunting), and M.D. (by and through her parent Katheryn Jenifer) (collectively, "Plaintiffs") and Defendants Kody Kinsley, in his official capacity as Secretary of the North Carolina Department of Health, Mark Benton, in his official capacity as Assistant Secretary of Public Health, and ClarLynda Williams-DeVane, in her official capacity as State Registrar and Director of the North Carolina State Center for Health Statistics (collectively, "Defendants") respectfully submit the following memorandum of law in support of their

1

Joint Motion for Entry of Consent Judgment.

I. **FACTUAL BACKGROUND**

On November 16, 2021, Plaintiffs filed a Complaint in the United States District Court for the Middle District of North Carolina, alleging that the State of North Carolina impermissibly burdens the right of transgender people born in North Carolina to obtain birth certificates that reflect their sex, consistent with their gender identity, in violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and the Free Speech guarantee of the First Amendment to the U.S. Constitution. Plaintiffs further allege that the State's alleged policy is impermissibly vague under the Fourteenth Amendment. The Complaint seeks a permanent injunction barring Defendants from enforcing the alleged policy, a declaration from the Court that the alleged policy violates the U.S. Constitution, and an order directing the Defendants to immediately issue corrected birth certificates that accurately reflect the sex, consistent with the gender identity, of the Plaintiffs.

II. **TERMS OF THE PROPOSED CONSENT JUDGMENT**

The Consent Judgment would order, adjudge, and decree that:

1. The Consent Judgment, which the Parties submitted to the Court contemporaneously with the filing of the Joint Motion for Entry of Consent Judgment, resolves the Plaintiffs' claims against Defendants;

2. North Carolina law currently allows Defendants to create and implement a constitutionally sound process, and the North Carolina Vital Statistics Program

("VSP") already has in place a regulatory process, procedures, and existing resources with which to facilitate the correction of individuals' sex designations on their birth certificates in the ordinary course of its every-day activities;

3. The Consent Judgement contains the full terms and provisions of the settlement in this matter. It provides that where a written request to correct the sex on the registrant's birth certificate is for reasons other than because of sex reassignment surgery, such as when the registrant's assigned sex at birth differs from their gender identity, VSP shall process the request under N.C. Gen. Stat. § 130A-118(a) and its implementing rules; and

4. Where a written request to correct the sex on a registrant's birth certificate is because of sex reassignment surgery, VSP shall process the request under N.C. Gen. Stat. § 130A-118(b)(4) and its implementing rules.

### III. THE COURT SHOULD ENTER THE PROPOSED CONSENT JUDGMENT.

"In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (internal citation omitted). Before approving entry of a consent judgment, the district court has a duty to "satisfy itself that the agreement 'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" *Id.* (quoting *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991)). The district court should "ensure that it is able to reach 'an informed, just and reasoned decision.'" *Id.* at 581 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir.

3

1975)). The proposed Consent Judgment easily meets this standard.

**A. The proposed Consent Judgment is fair, adequate, and reasonable.**

The proposed Consent Judgment is fair, adequate, and reasonable in light of the strength of Plaintiffs' case. *See North Carolina*, 180 F.3d at 581. Plaintiffs in other cases throughout the nation have prevailed in similar challenges. *See, e.g.*, *Ray v. McCloud*, 507 F. Supp. 3d 925 (S.D. Ohio 2020); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327 (D.P.R. 2018); *F.V. v. Barron*, 286 F. Supp. 3d 1131 (D. Idaho 2018), *decision clarified sub nom. F.V. v. Jeppesen*, 466 F. Supp. 3d 1110 (D. Idaho 2020), *and decision clarified sub nom. F.V. v. Jeppesen*, 477 F. Supp. 3d 1144 (D. Idaho 2020). In assessing Plaintiffs' case here, the district court is "not require[d] … to conduct 'a trial or a rehearsal of the trial . . . .'" *Id.* (quoting *Flinn*, 528 F.2d at 1172-73). Indeed, "it is precisely the desire to avoid a protracted examination of the parties' legal rights that underlies entry of consent decrees." *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D.W. Va. 2000), *aff'd sub nom. Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001).

The proposed Consent Judgment is also fair, adequate, and reasonable because the remedies agreed upon by the Parties resolve Plaintiffs' claims in a narrow manner, with a reasonable timeframe for implementation. The Consent Judgment requires immediate correction only of the birth certificates for the Plaintiffs in the present action, following receipt of a written, properly notarized request on forms developed and prescribed by the State Registrar, along with at least one piece of acceptable supporting documentary evidence, and (a) signed by the registrant, if of legal age, or (b), if the registrant is a minor,

4

signed by: (i) the parent or legal guardian, or (ii) in the case of more than one parent or legal guardian, each parent or legal guardian with the necessary legal authority. Defendants will then endeavor to develop and prescribe the necessary forms and instructions to implement the Consent Judgment and likewise update their website(s) to reflect the instructions necessary to better enable individuals to correct the sex designation on their birth certificates within eight weeks of entry of the Consent Judgment. *See* Proposed Consent Judgment ¶ 11. Given the strength of Plaintiffs' claims, the narrow remedies the Parties have agreed upon in the proposed Consent Judgment are reasonable.

## B. The proposed Consent Judgment is the product of good-faith negotiations, not illegal or the product of collusion, and is in the public interest.

Before entering a consent judgment the Court must also "satisfy itself that the agreement . . . 'is not illegal, a product of collusion, or against the public interest.'" *L.J. v. Wilbon*, 633 F.3d 297, 311 (4th Cir. 2011) (quoting *North Carolina*, 180 F.3d at 581).

### 1. The proposed Consent Judgment is lawful.

The Proposed Consent Judgment is lawful. North Carolina law currently allows Defendants to create and implement a constitutionally sound process, and VSP already has in place a regulatory process, procedures, and existing resources with which to facilitate the correction of individuals' sex designations on their birth certificates in the ordinary course of its every-day activities. *See* Proposed Consent Judgment ¶ 2. The specific processes set forth in the Consent Judgment are consistent with and permitted by N.C. Gen. Stat. § 130A-118(a), N.C. Gen. Stat. § 130A-118(b)(4), and their implementing rules.

### 2. Good-faith negotiations produced the proposed Consent Judgment.

The proposed Consent Judgment also is the product of good-faith negotiation. All parties in this matter are represented by experienced and able counsel, and the ultimate proposal is the culmination of good-faith, arms-length negotiation. "Naturally, the agreement reached normally embodies a compromise" in which each party foregoes an interest in the litigation for the benefit of efficiency and certainty. *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971).

### 3. Entering the proposed Consent Judgment would serve the public interest.

The proposed Consent Judgment serves the public interest by ensuring that *all* people born in North Carolina can obtain birth certificates that accurately reflect their sex. The citizens of North Carolina also benefit from the Consent Judgment. Resolving this matter without protracted litigation avoids the unnecessary use of public resources to litigate this case. Continued litigation necessarily involves continuing risk to the State. *See Armour & Co.*, 402 U.S. at 681 (explaining that in entering consent decrees "parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation"). Moreover, Defendants' assessment of these priorities is entitled to a measure of deference. *Cf. Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D.W. Va. 2000), *aff'd sub nom. Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001) (where a government agency is "charged with protecting the public interest" and has assisted in constructing the proposed settlement, "a reviewing court may appropriately accord substantial weight to the agency's expertise and public interest

responsibility") (internal quotation marks and citation omitted).

### C. The minor Plaintiffs' interests are protected by the proposed Consent Judgment in accordance with MDNC L.R. 17.1.

The proposed Consent Judgment is a compromise settlement of the claims of two minors. The Consent Judgment is consented and agreed to by counsel for the parties, as well as the parent of each minor, who agree that the proposed settlement is fair, reasonable, and in the best interests of each minor, as evidenced by the signatures below.

The Consent Judgment provides that:

a. The parties have agreed to a settlement of all matters in controversy between them;

b. There are no payments pursuant to the settlement and each party is bearing their own costs, including attorneys' fees;

c. The Court has conducted a hearing on the matter in accordance with L.R. 17.1(c);

d. The Court has found that the proposed Consent Judgment is fair, reasonable and in the best interest of the minors; and,

e. The Court has approved the Consent Judgment.

## IV. CONCLUSION

For the reasons above, the Parties respectfully request that the Court grant the Parties' joint motion and enter the proposed Consent Judgment

7

Dated: April 26, 2022

Respectfully submitted,

*Attorney for the Defendants:*

/s/ John P. Barkley
John P. Barkley (N.C. State Bar No. 12603)
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6858
jbarkley@ncdoj.gov


*Attorneys for the Plaintiffs:*

| | |
|---|---|
| /s/ Omar Gonzalez-Pagan<br>Omar Gonzalez-Pagan*<br>LAMBDA LEGAL DEFENSE AND<br>   EDUCATION FUND, INC.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Telephone: (212) 809-8585<br>Facsimile: (212) 809-0055<br>ogonzalez-pagan@lambdalegal.org<br><br>Carl Charles*<br>LAMBDA LEGAL DEFENSE AND<br>   EDUCATION FUND, INC.<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>Telephone: (404) 897-1880<br>Facsimile: (404) 506-9320<br>ccharles@lambdalegal.org | /s/ Sarah M. Saint<br>Sarah M. Saint (N.C. Bar No. 52586)<br>Eric M. David (N.C. Bar No. 38118)<br>BROOKS PIERCE MCLENDON HUMPHREY &<br>   LEONARD, LLP<br>P.O. Box 26000<br>Greensboro, NC 27420<br>Telephone: (336) 271-3197<br>Facsimile: (336) 232-9197<br>ssaint@brookspierce.com<br>edavid@brookspierce.com<br><br>Derek R. McDonald*<br>Maddy R. Dwertman*<br>BAKER BOTTS L.L.P.<br>98 San Jacinto Boulevard, Suite 1500<br>Austin, TX 78701<br>Telephone: (512) 322-2500<br>Facsimile: (512) 322-2501<br>derek.mcdonald@bakerbotts.com<br>maddy.dwertman@bakerbotts.com |

Avatara Smith-Carrington*  
LAMBDA LEGAL DEFENSE AND  
   EDUCATION FUND, INC.  
3500 Oak Lawn Avenue, Suite 500  
Dallas, TX 75219  
Telephone: (214) 219-8585  
Facsimile: (214) 219-4455  
asmithcarrington@lambdalegal.org  

Brandt Thomas Roessler*  
BAKER BOTTS L.L.P.  
30 Rockefeller Plaza  
New York, NY 10112  
Telephone (212) 408-2500  
Facsimile: (212) 408-2501  
brandt.roessler@bakerbotts.com  

*Appearing by special appearance pursuant to L.R. 83.1(d).*