IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LILLITH CAMPOS; C.B., by his parent and next friend, SHELLEY K. BUNTING; and M.D., by her parent and next friend, KATHERYN JENIFER,<br><br>Plaintiffs,<br><br>v.<br><br>KODY KINSLEY, in his official capacity as Secretary of the North Carolina Department of Health and Human Services; MARK BENTON, in his official capacity as Assistant Secretary of Public Health; and CLARLYNDA WILLIAMS-DEVANE, in her official capacity as State Registrar and Director of the North Carolina State Center for Health Statistics,<br><br>Defendants. | 1:21CV880 |

**CONSENT JUDGMENT**

1. WHEREAS, on November 16, 2021, Plaintiffs Lillith Campos, C.B., a minor, by and through his parent and next friend, Shelley K. Bunting, and M.D., a minor, by and through her parent and next friend, Katheryn Jenifer (collectively, "Plaintiffs"), by and through their attorneys, filed this Complaint for Declaratory and Injunctive Relief against Defendants Kody Kinsley, in his official capacity as Secretary of the North Carolina Department of Health and Human Services, Mark Benton, in his official capacity as Assistant Secretary of Public Health, and ClarLynda Williams-DeVane, in her official

capacity as State Registrar and Director of the North Carolina State Center for Health Statistics (collectively, "Defendants") alleging that North Carolina impermissibly burdens the right of transgender people born in North Carolina to obtain birth certificates that reflect their sex, consistent with their gender identity, violating, *inter alia,* the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

2. WHEREAS, the Vital Statistics Program ("VSP") within the North Carolina Department of Health and Human Services operates the only system of vital records registration throughout North Carolina.

3. WHEREAS, N.C. Gen. Stat. § 130A-118(a) and its implementing rules provides a process for individuals seeking to correct the sex on their birth certificate, which includes the ability to receive certified birth certificates reflecting their sex.

4. WHEREAS, N.C. Gen. Stat. § 130A-118(b)(4) and its implementing rules provides a process for individuals seeking to correct the sex on their birth certificate because of sex reassignment surgery, which includes the ability to receive certified birth certificates reflecting their sex.

5. WHEREAS, the parties to this litigation desire to resolve the issues raised by Plaintiffs' Complaint without the necessity of further litigation.

6. WHEREAS, the parties agree to jointly resolve this matter and consent to entry of the following final and binding Consent Judgment as dispositive of all issues raised in this case.

7. WHEREAS, nothing in this Consent Judgment shall be construed as an

acknowledgment, an admission, or evidence of liability of Defendants under the Constitution or any federal or State law, and this Consent Judgment may not be used as evidence of liability in this or any other current or future proceeding. This Consent Judgment does not serve as an admission by Defendants that specific corrective measures are necessary to comply with the Constitution or any federal or State law; and

8. WHEREAS, the parties intend this Consent Judgment to benefit all North Carolinians, including transgender people born in North Carolina, and to be binding on Defendants unless and until modified by the Court on motion with proper cause shown under Federal Rule of Civil Procedure 60.

**Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Consent Judgment resolves the Plaintiffs' claims against Defendants;

2. North Carolina law currently allows Defendants to create and implement a constitutionally sound process, and VSP already has in place a regulatory process, procedures, and existing resources with which to facilitate the correction of individuals' sex designations on their birth certificates in the ordinary course of its every-day activities;

3. Where a written request to correct the sex on the registrant's birth certificate is for reasons other than because of sex reassignment surgery, such as when the registrant's assigned sex at birth differs from their gender identity, VSP shall process the request under N.C. Gen. Stat. § 130A-118(a) and its implementing rules;

4. Where a written request to correct the sex on a registrant's birth certificate is because of sex reassignment surgery, VSP shall process the request under N.C. Gen. Stat. § 130A-118(b)(4) and its implementing rules;

5. This Consent Judgment is to benefit all North Carolinians, including transgender people born in North Carolina, and to be binding on Defendants unless and until modified by the Court on motion with proper cause shown under Federal Rule of Civil Procedure 60.

6. Defendants, their officers, employees, and agents; all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control; and all other persons within the scope of Federal Rule of Civil Procedure 65, are permanently enjoined to provide certified copies of birth certificates to transgender individuals that accurately reflect their sex, consistent with their gender identity, without requiring the individual to provide proof of "sex reassignment surgery," unless the individual expresses "sex reassignment surgery" as the reason for seeking the correction, and without the inclusion of information that would directly or indirectly disclose an individual's transgender status on the face of the birth certificate;

7. Defendants, their officers, employees, and agents; all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control; and all other persons within the scope of Federal Rule of Civil Procedure 65, shall adopt and enforce a policy that implements this consent order whereby a transgender person born in North Carolina may obtain a certified copy of that person's birth certificate that reflects a correction in sex designation, reflecting their sex, consistent with their gender identity, by submitting a written, properly notarized request on forms developed and prescribed by the State Registrar, accompanied by one piece of supporting documentary evidence and payment of any applicable fees prescribed by statute or rule, and

(a) signed by the registrant, if of legal age; or (b), if the registrant is a minor: signed by (i) the parent or legal guardian; or (ii) in the case of more than one parent or legal guardian, each parent or legal guardian with the necessary legal authority, including as determined by a court (such as through an adjudication of legal custody or abandonment).

8. Acceptable supporting documentary evidence of the registrant's sex to be reflected on their birth certificate shall include the following: (1) a valid North Carolina Driver's License or valid State ID card issued by the North Carolina Division of Motor Vehicles that reflects the person's sex; (2) a valid United States passport that reflects the person's sex; or (3) a certification signed by a physician, psychiatrist, physician's assistant, licensed therapist, counselor, psychologist, case worker, or social worker stating, based on their professional opinion, the gender identity of the registrant;

9. VSP shall, upon receipt of a written, properly notarized request on forms developed and prescribed by the State Registrar, along with at least one piece of acceptable supporting documentary evidence, and (a) signed by the registrant, if of legal age, or (b), if the registrant is a minor, signed by: (i) the parent or legal guardian, or (ii) in the case of more than one parent or legal guardian, each parent or legal guardian with the necessary legal authority, issue a certified copy of birth certificates that reflect the correction in sex designation to plaintiffs Lillith Campos, C.B., and M.D. that reflect their sex, consistent with their gender identity, respectively;

10. Unless the registrant desires to apply for a new birth certificate pursuant to N.C. Gen. Stat. § 130A-118(b)(4) and its implementing rules, as opposed to a corrected certificate pursuant to N.C. Gen. Stat. § 130A-118(a) and its implementing rules, the State

Registrar and VSP shall not ask or require a transgender person born in North Carolina to disclose whether they have obtained "sex reassignment surgery" in order to correct the sex on the registrant's birth certificate, nor require the registrant to correct the sex on their birth certificate pursuant to N.C. Gen. Stat. § 130A-118(b)(4) and its implementing rules;

11. The State Registrar and VSP shall develop and prescribe the necessary forms and instructions implementing this Consent Judgment and shall likewise update their website(s) to reflect the instructions necessary to enable individuals to correct the sex designation on their birth certificates as ordered herein, and shall endeavor to do so within eight (8) weeks of entry of this Consent Judgment;

12. This Consent Judgment and the obligations pursuant hereto shall apply to, and are binding upon, the Defendants and any successors charged with enforcing or implementing laws regarding birth certificates or North Carolina's Vital Records Program. It is permanent, and applies to North Carolina's Vital Records Program's processing of applications to correct birth certificates, both now and in the future;

13. This Consent Judgment is a compromise settlement of the claims of two minors. The parties have agreed to a settlement of all matters in controversy before them; there are no payments pursuant to the settlement; the Court has conducted a hearing on the matter in accordance with Middle District of North Carolina L.R. 17.1(c); the Court has found that this Consent Judgment is fair, reasonable, and in the best interest of the minors; and the Court has approved this Consent Judgment.

14. The Parties shall bear their own costs of this action, including attorney's fees; and

15. The Court enters FINAL JUDGMENT in this action. The Court retains jurisdiction over the parties to enforce, construe, and apply the terms of this Consent Judgment and decide any dispute that may arise under it.

IT IS SO ORDERED.

This the 19th day of May 2022.

/s/ Loretta C. Biggs
United States District Judge